UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO. 8:06-CV-166-T-17MAP

IN THE MATTER OF: COMPLAINT OF
R. CRAIG ADAMS, AS OWNER OF 48'
SEA RAY "ETERNAL OPTIMIST"
NO. 1111458, FOR EXONERATION FROM
OR FOR LIMITATION OF LIABILITY

### ORDER APPROVING PLAINTIFF'S *AD INTERIM* STIPULATION FOR VALUE AND RESTRAINING LAWSUITS PURSUANT TO RULE F(3)

A Verified Complaint having been filed on January 30, 2006 by Plaintiff, R. CRAIG ADAMS, as Owner of 48' Sea Ray vessel ETERNAL OPTIMIST, No.1 1458 (hereafter called "Vessel"), praying for exoneration from, or alternatively, limitation of liability pursuant to 46 U.S.C. App. §§ 181-185 and § 188 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, of the Federal Rules of Civil Procedure, on account of any loss, damage, injuries, expenses or other claims arising out of an alleged October 21, 2004 incident, wherein CLARENCE HUELSMAN, SHELDON HAULK, and PASQUALE RICCIARDI were purportedly injured when the Vessel, allegedly operated by WILLIAM S. HICKS, allegedly approached and collided with the vessel (hereafter "Vessel 2") in which they were occupants in United States territorial waters near Venice, Florida.

AND the Verified Complaint having stated that the value of Plaintiff's interest in the Vessel, and its pending freight, if any, at the end of such voyage does not exceed $350,000, as evidenced by the Affidavit of R. Craig Adams,

AND Plaintiff having deposited with the Court, as security for the benefit of all

claimants, an *ad interim* stipulation for value in the total sum of $392,280, representing Plaintiff's interest in the Vessel and its pending freight, costs given pursuant to Supplemental Rule F(1) and Local Admiralty Rule 7.05(e)(3), in the amount of $250.00, plus interest on these sums at the rate of six percent (6%) for two (2) years; it is thereupon

ORDERED AND ADJUDGED

The above-described *ad interim* stipulation for value deposited by Plaintiff with the Court for the benefit of all claimants, in the total sum of $392,280 as security for the amount or value of Plaintiff's interest in the Vessel and its pending freight, if any, is approved.

2. All claims and proceedings against Plaintiff, the Vessel, and any property of the Plaintiff with respect to the alleged incident or other matters alleged in the Verified Complaint filed in this cause shall cease and further prosecution of any such action or proceeding, except in this action, with respect to the incident or other matters alleged in the Verified Complaint are hereby enjoined pursuant to Rule F(3).

3   The further prosecution of any actions already commenced and the commencement or prosecution of any and all subsequent lawsuits of any nature and description whatsoever, in any jurisdiction, and the taking of any steps and the making of any motion in such actions against Plaintiff, the Vessel, or any property of the Plaintiff, except in this action, to recover any damages arising from the alleged incident or other matters as alleged in the Verified Complaint filed in this cause, are restrained, stayed, and enjoined until the hearing and determination of this action.

4. Service of this Order as a restraining order may be made through the United

Page 2

States

Postal Service by mailing a conformed copy of it to the person or persons to be restrained or their respective attorneys, or by hand delivery.

DONE AND ORDERED at Tampa, Florida this ___9___ day of __Feb__ 2006.

~~UNITED STATES DISTRICT JUDGE~~

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Hayden and Milliken, P.A.
Attorneys for Plaintiff
4923 S. West Shore Boulevard
Tampa, Florida 33611-3329

Shapiro, Goldman & Babboni
308 Cocoanut Avenue
Sarasota, Florida 34236